IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMY L. WILSON, | ) | Civil No.: 3:12-cv-01039-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| BUSINESS COMPUTER TRAINING | ) | |
| INSTITUTE,CYNTHIA CARMELLA, | ) | |
| BUSINESS COMPUTER TRAINING | ) | |
| INSTITUTE INCOME FUND, BETH M. | ) | |
| KACHENRENTHER, THOMAS JONEZ, | ) | |
| G. MORRIS PIGOTT, JR., DAVID | ) | |
| BRANDSTAETTER, BARBARA MATH, | ) | |
| EDUCATIONAL MANAGEMENT AND | ) | |
| FINANCING CORPORATION, | ) | |
| WILLIAM A. BISHOP, BRAD | ) | |
| KACHENREUTHER, RICKY MARLES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jeremy Wilson
315 High Street, #110
Oregon City, OR  97045

Pro Se Plaintiff

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Pro Se Plaintiff Jeremy Wilson brings this action against a number of corporate and individual defendants alleging that he received an inadequate education from Defendant Business Computer Training Institute ("BCTI") and seeking damages.

For the reasons set out below, this action should be dismissed.

## Discussion

Plaintiff filed the current action on June 7, 2012. In his Complaint he alleges that he received an inadequate education from BCTI and has suffered a loss of earnings and amassed student loan debt he is unable to repay. In January of 2010, Plaintiff filed an action against Defendant BCTI and the United States Department of Education alleging similar facts. That case was dismissed in Judgments entered by Judge Michael Mosman on December 28, 2010 and January 31, 2012.

In his current action, Plaintiff, an Oregon resident, asserts diversity of citizenship as the sole basis for subject matter jurisdiction. Plaintiff names twelve separate defendants some of whom are identified as Oregon residents. The record shows that, as of this date, no defendant has been served.

Upon my initial review of Plaintiff's Complaint I was concerned about several issues, including potential problems with jurisdiction. Based on those concerns, a status conference was held on July 19, 2012. At that conference, I discussed my concerns with Plaintiff and sought to have him clarify certain aspects of his claims. At the conclusion of the hearing, I allowed Plaintiff until August 20, 2012 to take action to cure the deficiency in diversity jurisdiction.[1] The

---

[1] The Court must permit a *pro se* litigant the opportunity to correct the deficiencies of his complaint unless it is clear those deficiencies cannot be cured by amendment. See Karim–Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir.1988); see also Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987).

FINDINGS AND RECOMMENDATION – 2

record reflects that Plaintiff did not correct the deficiencies in his Complaint by the court-set deadline.

Federal district courts are courts of limited jurisdiction, see, e.g., Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) and, as such, can hear only certain types of cases. Id. Generally, subject matter jurisdiction is conferred either to "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, or "all civil actions where the matter in controversy exceeds the sum or value of $75,000, ..., and is between (1) citizens of different states;...." 28 U.S.C. § 1332. The burden of establishing jurisdiction rests with the party asserting jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183 (1936).

For diversity jurisdiction to apply, there must be complete diversity among the parties. In other words, each defendant must be a citizen of a different state from each plaintiff. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Plaintiff's Complaint, in its current form, precludes any possibility of diversity jurisdiction. Plaintiff is a citizen of Oregon, as are at least three other named defendants. Accordingly, I recommend that Plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.

## Conclusion

This action should be DISMISSED for lack of jurisdiction. A judgment should be entered dismissing this action without prejudice and denying pending motions, if any, as moot.

**<u>Scheduling Order</u>**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 1, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 13th day of September, 2012.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge